Curia, per O’Neall, J.
In this case the plaintiff’s attorney stated, on the argument, that if the defendant’s *384 grounds would not entitle her to a new trial, he did not desire one on his grounds. The defendant’s motion has been, therefore, first considered, and the conclusion of the court being against it, the appeal on the part of the plaintiff is considered as abandoned. The first and second grounds presented by the defendant’s motion, relate to the allowance of commissions. I have no doubt that in no point of view could they have been allowed. The defendant’s rejoinder does not claim their allowance, and being thus outside of the issue, it is in vain to ask now that they should be considered. But if the question was open for adjudication the same result would have followed; for, the non-allowance of commissions to the guardian, in Equity, is conclusive, both on him and his sureties, for he may claim them or not as he pleases ; and if even his neglect prevent their allowance, it is the mere abandonment, on his part, of a claim of compensation for his personal services, and no one can claim it if he cannot. The case of Norton, Ordinary, vs. Wallace, 1 Rich. 507, did not decide that the law court would, at the instance of the surety, review points and principles of law properly in issue between the parties in Equity. It only intended to allow to him the opportunity of making such a defence on the facts as the principal might have made but did not make.
3d. It is hardly necessary to notice the third ground. There was, certainly, nothing in the case which could create a presumption of payment. If twenty years after an infant attains full age, are allowed to pass away before he demands an account from his guardian, then the bond will be presumed to be paid. Here, however, the bill was filed within fifteen years after the date of the bond, and in 1842 a decree was obtained establishing the indebtedness of the guardian. It is, therefore, plain that there is no ground on which to rest the presumption of payment.
4th. To the fourth ground, which claims that deductions, other than those made by the verdict, ought to be allowed, it is a very sufficient answer to say that the defendant has been allowed all which her pleading demanded. It is true, the rejoinder alleges that the guardian accounted with the ward, and paid hint the whole sum to *385 which he was entitled. This allegation cannot, however, cover supposed errors in the decree, for it stands as evidence of the amount due until corrected by shewing an antecedent payment, which was not pretended ,• or by pointing out errors, which was also attempted to be done by the rejoinder. And although this duplicity made the pleading bad, yet, as it was not objected to, the defendant has had the full benefit of the error pointed out by it, and having thus been benefitted by her pleading, she cannot be allowed to go beyond it.
As this is the first case, since Norton, Ordinary, vs. Wallace, in which the manner of stating the objections to the decree against the principal by the surety, has been presented to the Court, we think it best to seize the occasion to give some directions on the subject. Strictly, the objections available to the surety are not pleadable in regular form; for if they were, every successive objection would lead to new pleading and new issues. This multifariousness must be avoided. Still the decree is necessarily set out in answer to the plea of performance, and its effect, prima facie though it be, must, in some way, be avoided by pleading, to enable the surety to have the benefit of his defence in evidence. A general rejoinder alleging “ that for various causes, and in divers particulars, the said decree is not, and ought not to be, binding upon him,” and concluding to the country, accompanied by a separate statement and notice in writing, of the various matters intended to be relied upon in correction of the decree, is, perhaps, the best course which can be adopted. The Court therefore directs this as the future practice, and that a copy of the statement, filed with the rejoinder, shall be served, by the party pleading, on the adverse party, at least ten days before the trial of the cause. If these directions be not complied with, no proof will be heard to impugn the decree ; and when complied with, no proof will be heard of other errors that those pointed out in the written statement hereinbefore directed.
5th. In answer to the fifth ground, the presiding Judge states that the plaintiff’s and defendant’s attorneys, together, made the calculation by which the verdict was written. *386 If there be any error, it is, therefore, the act of the defendant which has produced it, and the verdict cannot be disturbed.
The motion is dismissed.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.